UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| MARKEITH A. CLINTON,<br><br>    Petitioner,<br>v.<br>JAMES HILL,[1]<br><br>    Respondent. | No. 2:24-cv-10391-SVW-BFM<br><br>**ORDER TO SHOW CAUSE WHY HABEAS PETITION SHOULD NOT BE DISMISSED** |

**SUMMARY OF ORDER**

Petitioner Markeith A. Clinton filed a "Notice of Appeal" in this Court, purporting to appeal a judgment entered on August 24, 2024. Despite a slight date discrepancy, it appears the judgment Clinton intends to appeal is the August 21, 2024, order of the California Supreme Court denying Clinton's petition for review. As best this Court can tell, that petition for review related

---

[1] Petitioner named "The People" as the respondent in this action. The proper respondent is James Hill, the warden at Petitioner's place of incarceration. *See* Rule 2(a), Rules Governing Section 2254 Cases in the United States District Courts; *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992) (per curiam) (explaining that a federal habeas petitioner's immediate custodian is the only party that can produce "the body" of the petitioner).

to a California Court of Appeal decision finding no jurisdiction to review the trial court's denial of a motion to dismiss charges, because the motion was filed years after Clinton was sentenced. This Court has no authority to consider an "appeal" from the California Supreme Court's denial of a petition for review. Instead, the federal court only has limited authority, on habeas review, to consider whether the petitioner is in custody in violation of the Constitution or laws or treaties of the United States.

Even construing Clinton's filing liberally, and assuming he intended to raise the due process violation he presented in a motion to dismiss in the superior court, it appears his Petition is an improper second-or-successive habeas petition and that it is untimely, as his filing was not within one year of the entry of judgment in his case.

The Court therefore orders Clinton to explain why his Petition should not be dismissed. **If Clinton fails to timely respond to this order, the Court may recommend to the presiding District Judge that his Petition be dismissed with or without prejudice**.

## ORDER

### A. Factual Background

Clinton is a California state prisoner currently housed in the R.J. Donovan Correctional Facility in San Diego, California. (ECF 1 at 1.) He was convicted in the Los Angeles County Superior Court of injury to a cohabitant, burglary, criminal threats, and evading a police officer. (ECF 1 at 5.) He was sentenced on September 18, 2015, to an aggregate term of imprisonment of 35 years to life plus 16 months. (ECF 1 at 5.) On appeal, the judgment was affirmed but his sentence was corrected to 25 years to life plus six years and four months. (ECF 1 at 5.)

1       On July 27, 2023, Clinton filed a motion to dismiss in the Los Angeles
2  County Superior Court based on alleged violations of due process. Clinton
3  claimed that the prosecution failed to disclose evidence of his own mental
4  health, which could have been used to challenge his competency to stand trial.
5  (ECF 1 at 5 (California Court of Appeal order describing filing).) The trial court
6  denied the motion. (ECF 1 at 5.) Clinton appealed, and the California Court of
7  Appeal dismissed the appeal. It concluded that the superior court lacked
8  jurisdiction to act on Clinton's motion to dismiss, because Clinton had already
9  been sentenced. (ECF 1 at 6 (citing *People v. Clinton*, 243 Cal. App. 2d 284, 288
10 (1966) ("[A]fter a sentence has been entered in the minutes of the court and the
11 defendant has begun serving his sentence, the trial court is without jurisdiction
12 to vacate or modify it.")).) Clinton filed a petition for review in the California
13 Supreme Court; that petition was summarily denied on August 21, 2024. (ECF
14 1 at 2.)

15      Clinton next filed a "Notice of Appeal" in this Court. (ECF 1 at 1.) The
16 body of the Notice states, in its entirety, "Notice is hereby given that Markeith
17 A. Clinton, plaintiff in the above-entitled matter, appeals to the U.S. District
18 Court for the Central District of California from the final judgment entered in
19 this action on 8-24-24." (ECF 11 at 1.) The Notice attaches the 2024 California
20 Supreme Court and 2023 California Court of Appeal orders just described.

21 **B.     Analysis**

22      Rule 4 of the Rules Governing Section 2254 Cases in the United States
23 District Courts allows a district court to dismiss a petition if it "plainly appears
24 from the petition and any attached exhibits that the petitioner is not entitled to
25 relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254
26 Cases. It appears that this action is subject to dismissal under Rule 4 because
27 it does not set forth a cognizable claim, because the Petition is an unauthorized
28

1  second-or-successive habeas petition, and because the Petition is not timely. The
2  Court will discuss each of these in turn.

3  First, this Court has no authority to review or hear an appeal of the decision of the California Supreme Court. The only federal court that can review the decision of the California Supreme Court is the United States Supreme Court. *D.C. Ct. App. v. Feldman*, 460 U.S. 462, 486-87 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923). To the extent Clinton intends to "appeal" the California Supreme Court's decision, then, this action should be dismissed for lack of jurisdiction, because this Court lacks authority to hear the case.

Under 28 U.S.C. § 2254, this Court does have authority to consider a habeas petition challenging a state court conviction. But even construing Clinton's filing liberally, Clinton has not stated any claim that is cognizable on habeas review. The federal court may only grant federal habeas relief upon a showing that the petitioner is in custody in violation of the Constitution, laws, or treaties of the United States. *McGuire*, 502 U.S. at 68. Clinton has not filed a petition putting forward any claim for relief that would satisfy that test.

Construing Clinton's filing *extremely* liberally, the decision of the California Court of Appeal states that Clinton argued to the trial court that his conviction was obtained in violation of due process. To the extent that Clinton's filing could be read to present that claim to this Court for habeas review, it would appear to be barred, both because it is an unauthorized second-or-successive petition and because it is untimely.

First, habeas petitioners are generally required to present all challenges to a conviction in a single petition, rather than bringing claims one at a time. Only under limited circumstances can a person bring a "second or successive" habeas petition in federal court. 28 U.S.C. § 2244(b)(2). Moreover, if a petitioner believes he can satisfy the criteria to file a successive petition, he must first

4

1 apply in the court of appeals for authorization to file a second-or-successive
2 petition here. 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive
3 application permitted by this section is filed in the district court, the applicant
4 shall move in the appropriate court of appeals for an order authorizing the
5 district court to consider the application."). Failure to obtain authorization from
6 the court of appeals deprives this Court of jurisdiction and requires dismissal of
7 the petition. *Brown v. Muniz,* 889 F.3d 661, 67 (9th Cir. 2018) ("If the petition
8 is second or successive, then the district court lacks jurisdiction and must
9 dismiss the petition unless and until the court of appeals grants an application
10 to file it.").

11 Here, Clinton filed a first § 2254 habeas petition relating to the instant
12 conviction in 2018. *Clinton v. Paramo*, CV 18-6209-SVW (MRW), 2019 WL
13 1751844 (C.D. Cal. Feb. 21, 2019). His petition was denied on its merits. *Id.* at
14 *1. The Petition now pending in this Court does not reflect that Clinton obtained
15 authorization from the Ninth Circuit to file a second-or-successive petition, and
16 a search of the Ninth Circuit's docket does not reflect that he sought or obtained
17 such authorization. As such, it appears that the Petition should be dismissed as
18 a second-or-successive petition filed without the authorization required under §
19 2244(b)(3)(A).

20 It also appears that the claims in the Petition (as liberally construed
21 above) are untimely. The Antiterrorism and Effective Death Penalty Act
22 ("AEDPA") sets a one-year statute of limitations for the filing of a federal habeas
23 petition challenging a state conviction. 28 U.S.C. § 2244(d)(1). The statute of
24 limitations runs from the latest of several triggering dates—including, as
25 relevant here, "the date on which the judgment became final by the conclusion
26 of direct review or the expiration of the time for seeking such review." 28 U.S.C.
27 § 2244(d)(1)(A).
28

Here, the California Court of Appeal affirmed Clinton's convictions on December 21, 2016. *People v. Clinton*, No. B267193, 2016 WL 7388536, at *1 (Cal. Ct. App. Dec. 21, 2016). The California Supreme Court summarily denied his petition for review on March 1, 2017. *See* Cal. Sup. Ct. Docket, *Clinton v. Paramo*, 2:18-cv-6209-SVW-MRW, ECF 14-9 at 1 (C.D. Cal. Nov. 9, 2018). Clinton apparently did not file a petition for a writ of certiorari in the United States Supreme Court. Clinton's conviction thus became final for purposes of § 2244(d) on May 30, 2017—90 days after the California Supreme Court's decision, when the time for him to file a petition for a writ of certiorari expired. *See Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999). The one-year statute of limitations began to run the following day. But Clinton did not file this Petition within a year of May 30, 2017; he filed seven years later, in December 2024. His Petition thus appears to be facially untimely.

For the above reasons, it appears the Petition must be dismissed. Before the Court recommends dismissal of the action on any of these grounds, however, the Court will give Clinton an opportunity to respond. Clinton is therefore **ORDERED** to show cause—to explain in writing—why the Court should not recommend dismissal of the Petition for failure to raise a cognizable claim, as untimely, and as an unauthorized second or successive petition. Clinton shall file his response **no later than February 6, 2025**.

**Failure to file a timely response as ordered may result in the Court recommending that this case be dismissed without prejudice for failure to present a cognizable claim, as untimely, for failure to obtain Ninth Circuit authorization, and/or for failure to prosecute and to follow court orders**.

DATED: January 6, 2025

_____
BRIANNA FULLER MIRCHEFF
UNITED STATES MAGISTRATE JUDGE